JUDGE BRIEANT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------

**08 CV 01716**

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

              Plaintiff,

    v.

Guild Concepts, Ltd., a Corporation,
Guild Concepts, Ltd. Employee Savings
Plan and Victor Ayala, Individually
and as former Trustee of
Guild Concepts, Ltd. Employee Savings
Plan,

              Defendants.
----------------------------------------

Civil Action File

No.

**C O M P L A I N T**

    Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "Secretary of Labor"), alleges:

    1.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary of Labor under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain other appropriate equitable and injunctive relief to redress violations and enforce the provisions of that Title.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the Southern District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## THE PARTIES

4. The Secretary of Labor, pursuant to §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), has authority to enforce the provisions of Title I of ERISA by, among other things, filing and prosecuting claims against fiduciaries who violate ERISA.

5. The Guild Concepts, Ltd. Employee Savings Plan ("the Plan") is and at all times relevant to the allegations of this Complaint has been an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2). The Plan was sponsored by Guild Concepts, Ltd., a New York corporation headquartered in White Plains, New York. The Plan is named as a defendant in this Complaint for the purpose of ensuring complete relief among the parties under Federal Rule of Civil Procedure 19.

6. Defendant Victor Ayala is a trustee of the Plan and exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's

assets or has had discretionary authority or discretionary responsibility in the administration of the Plan and thus, at all relevant times, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

7. Guild Concepts, Ltd., at all relevant times, is a party in interest as defined in section 3(14)(C) of ERISA because it is an employer whose employees are covered by the plan. (29 U.S.C. §§ 1002(14)(C)).

## FACTUAL ALLEGATIONS

8. During the period January 1998 to May 2004, Defendant Victor Ayala and Philip Liu were co-Trustees of the Plan. During this period, Philip Liu was the controller of the Plan Sponsor.

9. During the period February 25, 2003 to December 2, 2003, Philip Liu transferred $996,207.20 from the Plan's account into the Plan Sponsor's account.

10. During the period February 8, 2001 to May 27, 2004, Trustee Philip Liu failed to remit $200,191.17 in employee salary deferrals to the Plan.

11. During the period February 25, 2003 to December 2, 2003, Defendant Victor Ayala failed to monitor the activity of his co-fiduciary and accordingly failed to discover that Trustee Liu had transferred $996,207.20 from the Plan to the account of the Plan Sponsor.

12. During the period February 8, 2001 to May 27, 2004, Defendant Victor Ayala failed to monitor the activity of his co-fiduciary and accordingly failed to discover that Trustee Liu had failed to remit $200,191.17 in employee salary deferrals to the Plan.

## ERISA VIOLATIONS

13. By the conduct described in Paragraphs 8-12 above, Defendant Victor Ayala (1) failed to discharge his duty with respect to the Plan with the care, skill and diligence that a prudent fiduciary would have used in like circumstances in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); (2) enabled Trustee Philip Liu to commit breaches of fiduciary duty, and is thus liable for those breaches of fiduciary duty committed by his co-fiduciary pursuant to ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2); and (3) permitted transfers of assets of the Plan to a party-in-interest in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

14. By the conduct described in Paragraphs 8-12 above, Defendant Guild Concepts, Ltd., as Plan Sponsor and a party-in-interest with respect to the Plan, received assets of the Plan as proceeds of transactions which it knew or should have known were prohibited by ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D).

## Prayer for Relief

**WHEREFORE,** the Secretary of Labor requests that the Court enter an Order:

1. Requiring the Defendant fiduciary Victor Ayala to restore losses incurred by the Funds as a result of his violations of ERISA plus interest or lost opportunity costs;

2. Permanently enjoining Defendant Victor Ayala from serving as a fiduciary to ERISA-covered Plans;

3. Ordering Defendant party-in-interest Guild Concepts, Ltd. to correct the prohibited transactions in which it engaged;

4. Ordering the Plan to offset the benefits due to Defendant Victor Ayala against the amount he owes to the Plan;

5. Awarding the plaintiff Secretary of Labor the costs of this civil action; and

6. Providing such other and future relief as is just.

DATED: February 19, 2008
New York, New York

                                            Respectfully submitted,

GREGORY F. JACOB
Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

HAROLD W. LeMAR
Attorney
HL(5198)

U.S. Department of Labor,
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. (212) 337-2095