SOL:HWL
(06) 03042

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------

ELAINE L. CHAO, Secretary of Labor,  :
United States Department of Labor,
                                     :
              Plaintiff,             :   Civil Action File
                                     :   No. 08-CV-01716
         v.                          :
                                     :   CONSENT JUDGMENT
Guild Concepts, Ltd., a Corporation, :
Guild Concepts, Ltd. Employee Savings
Plan and Victor Ayala, Individually  :
and as former Trustee of
Guild Concepts, Ltd. Employee Savings :
Plan,
                                     :
              Defendants.            :
------------------------------------

WHEREAS Plaintiff, ELAINE L. CHAO, Secretary of the United States Department of Labor (the "Secretary"), and the defendants Guild Concepts, Ltd. and Victor Ayala have agreed to resolve those matters in controversy in this action and said parties do now consent to the entry of this Consent Judgment by this Court; and

WHEREAS a former Trustee of Defendant Guild Concepts, Ltd. Employee Savings Plan (the Plan), Philip Liu, was convicted of embezzling plan assets in an action titled United States v. Philip Yuk Pun Liu, 04 CR 517 (S.D.N.Y.); and

WHEREAS former Trustee Philip Liu failed to forward withheld employee contributions to the Plan; and

WHEREAS this action was filed by the Secretary of Labor pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA" or the Act"), 29 U.S.C. 1001 et seq., alleging that defendant Guild Concepts, Ltd., a party in interest, violated ERISA §406(a)(1)(D) (29 U.S.C. §1106(a)(1)(D)) and that defendant Victor Ayala, a trustee and fiduciary of the Plan, breached the fiduciary obligations imposed upon him by ERISA §§ 404(a)(1)(B) (29 U.S.C. §1104(a)(1)(B)) and 406(a)(1)(D) (29 U.S.C. §1106(a)(1)(D)) by failing to take action to collect employee contributions withheld by Guild Concepts, Ltd. but not forwarded to the Plan, by failing to discharge his duty with respect to the Plan with the care, skill and diligence that a prudent fiduciary would have used in like circumstances, and by permitting transfers of assets of the Plan to a party-in-interest; and

WHEREAS Defendants, Guild Concepts, Ltd. and Victor Ayala, by consenting to the entry of this Consent Judgment, admit that this Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); admit that the venue of this action lies in the Southern District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) and agree to the entry of this Consent Judgment as a full and final resolution of the claims asserted by the Secretary in the Complaint filed herein; and

WHEREAS Defendants Guild Concepts, Ltd. and Victor Ayala admit the allegations of the Complaint; and

2

WHEREAS the Plan, at all relevant times, has been an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), and was established to provide benefits to employees of Guild Concepts, Ltd.; and

WHEREAS the Plan is named in this action as a defendant pursuant to Fed. R. Civ. P. 19(a) solely to assure that complete relief could be granted; and

WHEREAS, the Defendants admit that Defendant Guild Concepts, Ltd. was and is the Plan's Sponsor and an employer whose employees are covered by the Plan and thus, at all relevant times, was a party in interest within the meaning of ERISA § 3(14)(C), 29 U.S.C. § 1002(14)(C);

WHEREAS Defendant Victor Ayala admits that he was a trustee of the Plan and exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan and thus, at all relevant times, was a fiduciary within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21); and

WHEREAS, defendant Victor Ayala admits that his conduct with respect to the Plan and with respect to Plan assets constitutes defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4); and

3

WHEREAS, Defendant Victor Ayala admits that he owes $1,500,000.00 to the Plan and that said debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4); and

WHEREAS, Defendant Guild Concepts, Ltd. admits that it owes $1,500,000.00 to the Plan; and

WHEREAS the parties previously agreed to the appointment of an independent fiduciary to replace defendant Victor Ayala to administer the Plan, and effectuate the distribution of Plan assets to the participants and beneficiaries and effectuate the Plan's termination.

It is therefore ORDERED, ADJUDGED, AND DECREED that:

1. The Plan is deemed amended to permit the forfeiture and redistribution of defendant Victor Ayala's account balance as restitution in whole or in part for his fiduciary breaches, pursuant to § 206(d)(4) of ERISA, codified at 29 U.S.C. § 1056(d)(4).

2. The Independent Fiduciary, as previously agreed by the parties, shall report to the Court no less frequently than on a quarterly basis concerning all significant actions taken and all plan assets expended. The first report shall be submitted within thirty days of entry of this Judgment. This provision is not intended to preclude the Independent Fiduciary from bringing any appropriate matter to the Court's attention at any time.

3. Defendant Victor Ayala is hereby permanently restrained from serving directly or indirectly as a fiduciary for the Plan or any other employee benefit plan covered by ERISA.

4. Defendant Victor Ayala shall not pursue any claims against or interest in the Plan.

5. As previously agreed to by the parties, the expenses incurred by the Independent Fiduciary in performing the duties enumerated in the stipulation of the parties shall be borne by the Plan.

6. Defendant Victor Ayala agrees that he has already waived or shall waive and forego his vested interest in the Plan and have that amount applied to the amounts due under this Consent Judgment.

7. Defendant Guild Concepts, Ltd. is jointly and severally liable to the Plan, along with Defendant Victor Ayala, in the amount of $1,500,000.00, which debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

8. Defendant Victor Ayala is jointly and severally liable to the Plan, along with Defendant Guild Concepts, Ltd., in the amount of $1,500,000.00, which debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

9. Defendants Guild Concepts, Ltd. and Victor Ayala are ordered to pay the amount of $1,500,000.00 which represents amounts embezzled by former Trustee Philip Liu and withheld but unforwarded employee contributions that were also embezzled

5

by former Trustee Philip Liu (hereafter "Full Restitutionary Amount"). Defendants Guild Concepts, Ltd. and Victor Ayala shall make payment to the Independent Fiduciary on or before the dates specified in Exhibit A attached hereto.

10. The parties agree that payments have been made and will be made according to Exhibit A prior to the filing of the Complaint in this matter.

11. If either Defendant Guild Concepts, Ltd. or Defendant Victor Ayala fails to pay the Payment Amount as required by Exhibit A appended to this Consent Judgment, the Full Restitutionary Amount of $1,500,000.00 (less any previously paid amounts) shall become immediately due and payable.

12. This Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Consent Judgment.

13. Defendants Guild Concepts, Ltd. and Victor Ayala shall provide written proof of the payments required by ¶ 9 of this Consent Judgment to Plaintiff at U.S. Department of Labor, Employee Benefits Security Administration, 33 Whitehall Street, Suite 1200, New York, New York 10004 within ten days of making each payment to the Independent Fiduciary.

14. Except with regard to the expense of appointing the Independent Fiduciary as well as the expenses incurred by the Independent Fiduciary in performing the duties enumerated in ¶ 9, each party shall bear its own fees and costs in connection with any stage of this litigation.

15. This Consent Judgment is not binding on any other agency of the United States Government.

16. In the event that Defendant Victor Ayala or any other person sells or transfers Guild Concepts, Ltd. either in its entirety or any portion thereof, Defendants shall give written notice to Plaintiff, Secretary of Labor, U.S. Department of Labor, Employee Benefits Security Administration, 33 Whitehall Street, Suite 1200, New York, New York 10004, at least thirty days prior to the sale or transfer. Defendant Ayala shall apply the proceeds of such sale or transfer to pay the Plan the Full Restitutionary Amount less any payments made under this Consent Judgment.

17. In the event that the Independent Fiduciary receives any payment from or on behalf of Philip Liu regarding a criminal restitution order in United States v. Philip Yuk Fun Liu, 04 CR 517 (S.D.N.Y.), Defendants will be given credit towards the $1,500,000.00 as provided in Exhibit A attached.

18. The amounts specified in Paragraph 9 of this Order shall constitute an "applicable recovery amount" within the meaning of 29 U.S.C. § 1132(l). The parties agree that Plaintiff could assess a penalty pursuant to 29 U.S.C. § 1132(l) and the Defendants retain their rights to seek waiver pursuant to 29 U.S.C. § 1132(l)(3). No later than July 1 of each year of the payment schedule set forth in

7

Exhibit A, each of the Defendants shall submit financial documents consisting of the most recently filed federal tax return to Plaintiff who will evaluate the submitted financial documents and advise the defendants whether a penalty under 29 U.S.C. § 1132(l)(1) will be assessed and the amount of any such penalty after defendants remit each of the time payments. Defendants will retain their rights to seek a waiver pursuant to 29 U.S.C. § 1132(l)(3).

19. In light of the Criminal Restitution Order entered against former Trustee Philip Liu in an action titled <u>United States</u> v. <u>Philip Yuk Fun Liu</u>, 04 CR 317 (S.D.N.Y.), neither the Independent Fiduciary nor any other person shall make a distribution to former Trustee Philip Liu without approval of the Court.

IT IS SO ORDERED.

DATED: White Plains, N.Y.
March 7, 2008

_____
UNITED STATES DISTRICT JUDGE

Guild Concepts, Ltd. Employee
Savings Plan

_____        _____
Victor Ayala as                         Victor Ayala, Individually
Trustee of Guild Concepts, Ltd.
Employee Savings Plan

Guild Concepts, Ltd.

_____
Victor Ayala as President of
Guild Concepts, Ltd.

_____
Bryan C. Skarlatos, Esq.
Kostelanetz & Fink, LLP
530 Fifth Ave.
New York, New York 10036

Attorneys for Defendants

9

| Payment due on or before | Amount |
|---|---|
| September 15, 2007 | $ 5,000.00 |
| October 15, 2007 | 5,000.00 |
| November 15, 2007 | 5,000.00 |
| December 15, 2007 | 5,000.00 |
| January 15, 2008 | 5,000.00 |
| February 15, 2008 | 5,000.00 |
| March 15, 2008 | 5,000.00 |
| April 15, 2008 | 5,000.00 |
| May 15, 2008 | 5,000.00 |
| June 15, 2008 | 5,000.00 |
| July 15, 2008 | 5,000.00 |
| August 15, 2008 | 5,000.00 |
| September 15, 2008 | 10,000.00 |
| October 15, 2008 | 10,000.00 |
| November 15, 2008 | 10,000.00 |
| December 15, 2008 | 10,000.00 |
| January 15, 2009 | 10,000.00 |
| February 15, 2009 | 10,000.00 |
| March 15, 2009 | 10,000.00 |
| April 15, 2009 | 10,000.00 |
| May 15, 2009 | 10,000.00 |
| June 15, 2009 | 10,000.00 |
| July 15, 2009 | 10,000.00 |
| August 15, 2009 | 10,000.00 |
| September 15, 2009 | 20,000.00 |
| October 15, 2009 | 20,000.00 |
| November 15, 2009 | 20,000.00 |
| December 15, 2009 | 20,000.00 |
| January 15, 2010 | 20,000.00 |
| February 15, 2010 | 20,000.00 |
| March 15, 2010 | 20,000.00 |
| April 15, 2010 | 20,000.00 |
| May 15, 2010 | 20,000.00 |
| June 15, 2010 | 20,000.00 |
| July 15, 2010 | 20,000.00 |
| August 15, 2010 | 20,000.00 |
| September 15, 2010 | 30,000.00 |
| October 15, 2010 | 30,000.00 |
| November 15, 2010 | 30,000.00 |
| December 15, 2010 | 30,000.00 |
| January 15, 2011 | 30,000.00 |
| February 15, 2011 | 30,000.00 |
| March 15, 2011 | 30,000.00 |
| April 15, 2011 | 30,000.00 |

## EXHIBIT A

| Payment due on or before | Amount |
|---|---|
| May 15, 2011 | 30,000.00 |
| June 15, 2011 | 30,000.00 |
| July 15, 2011 | 30,000.00 |
| August 15, 2011 | 30,000.00 |
| September 15, 2011 | 40,000.00 |
| October 15, 2011 | 40,000.00 |
| November 15, 2011 | 40,000.00 |
| December 15, 2011 | 40,000.00 |
| January 15, 2012 | 40,000.00 |
| February 15, 2012 | 40,000.00 |
| March 15, 2012 | 40,000.00 |
| April 15, 2012 | 40,000.00 |
| May 15, 2012 | 40,000.00 |
| June 15, 2012 | 40,000.00 |
| July 15, 2012 | 40,000.00 |
| August 15, 2012 | 280,000.00 |
| Total | $1,500,000.00 |

# EXHIBIT A