# KENNEDY, JENNIK & MURRAY, P.C.
ATTORNEYS AT LAW

113 UNIVERSITY PLACE
NEW YORK, NEW YORK 10003
(212) 358-1500

\* \* \*

FACSIMILE (212) 358-0207

THOMAS M. KENNEDY
SUSAN M. JENNIK
THOMAS M. MURRAY
OF COUNSEL:
LARRY MAGARIK

ELIZABETH M. PILECKI (NJ, MA)
RACHEL A. KIRTNER (OR)
WILLIAM G. SCHIMMEL (IL, MI, NJ)
BERNHARD W. ROHRBACHER (CA ONLY)
OMAR A. JOSEPH (MA, D.C.)
CHRISTOPHER G. GANT (NJ ONLY)

March 31, 2008

**Original Filed by ECF, Courtesy Copy by Mail**
Hon. Charles L. Brieant, United States District Judge
United States District Court, Southern District of New York
U.S. Courthouse, 300 Quarropas Street, Room 275
White Plains, NY 10601

> Re: Chao v. Guild Concepts, Ltd.
> 08-CIV-1716 (CLB)
> **Report of Independent Fiduciary**

Dear Judge Brieant:

I am the Independent Fiduciary of the Guild Concepts, Ltd. Employee Savings Plan (the "Plan"), and submit this first Report in accordance with ¶2 of the Consent Judgment entered by the Court on March 7, 2008.

## Background

The Plan was established by Guild Concepts, Ltd. ("Guild") and the Plan Trustees, Victor Ayala and Philip Liu. On April 17, 2006 the United States Department of Labor Employee Benefits Security Administration ("DOL") issued a Voluntary Compliance Statement to Mr. Ayala. The DOL noted that Mr. Liu made unauthorized cash withdrawals from the Plan for approximately 10 months in 2003 and, in July 2005, pled guilty to embezzling approximately $1.3 million from the Plan and was sentenced to 57 months in prison for each of two counts. The DOL stated that Mr. Ayala violated the Employee Retirement Income Security Act, 29 USC §1001 *et seq.* ("ERISA") by permitting Mr. Liu to remove monies from the Plan, and by not remitting at least $350,000 of employee salary deferrals to the Plan in a timely manner.

On August 31, 2007 the DOL entered into a Stipulation with Guild, Mr. Ayala and the Plan. The Stipulation provides, among other things, that Mr. Ayala would amend the Plan to appoint an Independent Fiduciary for the Plan to replace Mr. Ayala. The Independent Fiduciary will collect, marshal and administer the Plan's assets and evaluate all claims and pay assets to the Plan

participants and creditors, and Mr. Ayala will resign after transferring all records and information regarding the Plan to the Independent Fiduciary. Guild and Mr. Ayala agreed to repay $1.5 million to the Plan in accordance with a monthly schedule beginning September 15, 2007 and concluding August 15, 2012. If Guild is sold, the DOL will be notified and the remaining payments will be immediately paid out of the sale proceeds. Credit for any repayments by Mr. Liu to the Plan as a result of his criminal conviction will be given. Mr. Ayala will amend the Plan to permit the forfeiture and redistribution of Mr. Ayala's own account in the Plan. No distribution of any Plan account will be made to Mr. Liu without Court approval. The Independent Fiduciary's fees and expenses will be paid out of the Plan.

Finally, Guild and Mr. Ayala were required to give notice to all Plan participants of the Stipulation's terms and right to send comments to DOL.

## **Appointment of Independent Fiduciary**

The DOL nominated and Guild and Mr. Ayala appointed me as the Independent Fiduciary of the Plan. On December 5, 2007, I accepted appointment as the Plan's Independent Fiduciary.

This Report will review some of the things I have accomplished since my appointment.

1) I obtained a Fidelity Bond for the Plan as required by ERISA, and obtained Fiduciary Insurance for the Plan.

2) I located and marshaled the Plan assets which were at American Funds, and reviewed the Plan's past investment performance and yield. I established a Plan checkbook.

3) I collected and deposited monthly payments from Guild and Mr. Ayala which are being made in accordance with their Stipulation with DOL.

4) I reviewed Plan documents and case materials and the Plan's account statements. I met with the DOL representatives to review Plan documents, materials and affairs.

5) I met with Marjorie P. Wish, Senior Consultant at CAI Benefits, Inc., and made arrangements for CAI Benefits, Inc. ("CAI") to serve as the Plan's Third Party Administrator and Consultant. CAI has been involved in the reconstruction of the Plan since the DOL's investigation was conducted and is familiar with the Plan. I arranged for CAI to prepare necessary Amendments to freeze the Plan and allow for the forfeiture of Mr. Ayala's and Mr. Liu's Plan accounts and the repayment of loans to the Plan. I monitored the Plan's filing of its Form 5500, which is being prepared by CAI.

6) I wrote to Mr. Ayala to request the waiver of his Plan account, all Plan records and information and then his resignation, and a draft Report to the Plan participants, and am still awaiting receipt of these materials from him.

6) I contacted the United States Attorney to facilitate the waiver of Mr. Liu's Plan account, and am waiting to hear from that office.

7) I interviewed professional ERISA Investment Managers and retained Stacey Braun Associates, Inc. as the Plan's Investment Manager to professionally manage the Plan's investments and assets in accordance with ERISA. Stacey Braun has executed an ERISA Investment Management Agreement with Investment Policy Statement and Guidelines, and has established a new custodial account at Smith Barney. A new Checkbook has been provided, and Stacey Braun has begun to manage the Plan's assets.

### Recommended Notice to Participants

Inasmuch as Guild and Mr. Ayala have not yet sent the Notice to the Plan participants that is required by the Stipulation, I recommend that the Court approve and authorize me to send a Notice to Participants in the form which is attached hereto.

Copies of this Report and Recommendation were circulated to all parties for their comments prior to submission to the Court.

If this Recommendation meets with the Court's approval, we respectfully request that the Court "So Order" a copy of this Report.

### Service

A copy of this Report with its attachment has been served by first class U.S. mail postage prepaid this 31st day of March, 2008 upon the attorneys for the parties listed below.

Respectfully,

*Larry Magarik*

LARRY MAGARIK (LM-3748)

cc: Harold W. LeMar, Esq., Attorney for Plaintiffs
Office of the Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014-4811

Fran Obeid, Esq., Attorney for Defendants
Kostelanetz & Fink, LLP
7 World Trade Center
New York, NY 10007

<u>*Draft March 31, 2008*</u>

Dear Guild Concepts Ltd. Employee or Former Employee:

You have been identified as an individual who may be a participant of the Guild Concepts, Ltd. Employee Savings Plan (the "Plan").

The Plan was established by Guild Concepts, Ltd. ("Guild") and the Plan Trustees, Victor Ayala and Philip Liu. On April 17, 2006 the United States Department of Labor Employee Benefits Security Administration ("DOL") issued a Voluntary Compliance Statement to Mr. Ayala. The DOL noted that Mr. Liu made unauthorized cash withdrawals from the Plan for approximately 10 months in 2003 and, in July 2005, pled guilty to embezzling approximately $1.3 million from the Plan and was sentenced to 57 months in prison for each of two counts. The DOL stated that Mr. Ayala violated the Employee Retirement Income Security Act ("ERISA") by permitting Mr. Liu to remove monies from the Plan, and by not remitting at least $350,000 of employee salary deferrals to the Plan in a timely manner.

On August 31, 2007 the DOL entered into a Stipulation with Guild, Mr. Ayala and the Plan. The Stipulation provides, among other things, that Mr. Ayala would amend the Plan to appoint an Independent Fiduciary for the Plan to replace Mr. Ayala. The Independent Fiduciary will collect, marshal and administer the Plan's assets and evaluate all claims and pay assets to the Plan participants and creditors, and Mr. Ayala will resign after transferring all records and information regarding the Plan to the Independent Fiduciary. Guild and Mr. Ayala agreed to repay $1.5 million to the Plan in accordance with a monthly schedule beginning September 15, 2007 and concluding August 15, 2012. If Guild is sold, the DOL will be notified and the remaining payments will be immediately paid out of the sale proceeds. Credit for any repayments by Mr. Liu to the Plan as a result of his criminal conviction will be given. Mr. Ayala will amend the Plan to permit the forfeiture and redistribution of Mr. Ayala's own account in the Plan. No distribution of any Plan account will be made to Mr. Liu without Court approval. The Independent Fiduciary's fees and expenses will be paid out of the Plan.

Finally, Guild and Mr. Ayala were required to give notice to all Plan participants of the Stipulation's terms and right to send comments to DOL.

The DOL nominated and Guild and Mr. Ayala appointed me as the Independent Fiduciary of the Plan.

On December 5, 2007, I accepted appointment as the Plan's Independent Fiduciary. This letter will review some of the things I have accomplished.

I obtained a Fidelity Bond for the Plan as required by ERISA, and obtained Fiduciary Insurance for the Plan.

I located and marshaled the Plan assets which were at American Funds, and reviewed the Plan's past investment performance and yield. I established a Plan checkbook.

I collected and deposited monthly payments from Guild and Mr. Ayala which are being made in accordance with their Stipulation with DOL.

I reviewed Plan documents and case materials and the Plan's account statements. I met with the DOL representatives to review Plan documents, materials and affairs.

I met with Marjorie P. Wish, Senior Consultant at CAI Benefits, Inc., and made arrangements for CAI Benefits, Inc. ("CAI") to serve as the Plan's Third Party Administrator and Consultant. CAI has been involved in the reconstruction of the Plan since the DOL's investigation was conducted and is familiar with the Plan. I arranged for CAI to prepare necessary Amendments to freeze the Plan and allow for the forfeiture of Mr. Ayala's and Mr. Liu's Plan accounts and the repayment of loans to the Plan. I monitored the Plan's filing of its Form 5500, which is being prepared by CAI.

I wrote to Mr. Ayala to request the waiver of his Plan account, all Plan records and information and then his resignation, and a draft Report to the Plan participants, and am still awaiting receipt of these materials from him.

I contacted the United States Attorney to facilitate the waiver of Mr. Liu's Plan account, and am waiting to hear from that office.

I interviewed professional ERISA Investment Managers and retained Stacey Braun Associates, Inc. as the Plan's Investment Manager to professionally manage the Plan's investments and assets in accordance with ERISA. Stacey Braun has executed an ERISA Investment Management Agreement with Investment Policy Statement and Guidelines, and has established a new custodial account at Smith Barney. A new Checkbook has been provided, and Stacey Braun has begun to manage the Plan's assets.

On February 21, 2008 the DOL filed suit against Guild, Mr. Ayala and the Plan in the United States District Court for the Southern District of New York, and a Consent Judgment was entered on March 7, 2008. The suit was assigned to Judge Charles L. Brieant. As Independent Fiduciary, I will submit periodic reports to the Court.

    Inasmuch as Guild and Mr. Ayala have not yet sent the Notice to the Plan participants that is required by the Stipulation, I am sending you this Report to advise you of the terms of the Stipulation, and also the progress that I have made. You may send comments to the United States Department of Labor, EBSA, at 33 Whitehall Street, Suite 1200, New York, NY 10004.

    If you would like a copy of the Stipulation, please ask me and I will send you a copy.

    Much work remains, but we are making progress. We will keep you apprised of developments, and thank you for your patience.

                                         Sincerely,

                                      LARRY MAGARIK

cc:    Marjorie P. Wish
        Tamar Miller
        Harold LeMar, Esq.
        Victor Ayala
        Fran Obeid, Esq.